ROBERT S. BREWER, JR.
United States Attorney
EMILY W. ALLEN (Ca. Bar No. 234961)
OLEKSANDRA JOHNSON (Ca. Bar No. 265442)
Assistant United States Attorneys
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-9738
Email:    emily.allen@usdoj.gov

Attorneys for United States of America



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>STUART WEINSTOCK,<br><br>Defendant. | Case No.  21CR0042-BAS<br><br>PLEA AGREEMENT |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Robert S. Brewer, United States Attorney, and Emily W. Allen and Oleksandra Johnson, Assistant U.S. Attorneys, and Defendant STUART WEINSTOCK, with the advice and consent of John J. Rice, counsel for Defendant, as follows:

### I
### THE PLEA

Defendant agrees to waive Indictment and plead guilty to an Information charging Defendant with filing a false tax return for tax year 2016, in violation of 26 U.S.C. § 7206(1).

Defendant further agrees that before sentencing, Defendant will sign a Closing Agreement with the Internal Revenue Service ("IRS") and will otherwise cooperate with the IRS in the computation and collection of any income tax due and owing, including penalties and interest, for tax years 2010 through 2018. Defendant agrees that all

information in the possession of IRS-Criminal Investigation agents may be provided to civil revenue officers and agents for the purpose of reaching the Closing Agreement.

In exchange, the United States agrees not to bring any additional criminal charges against Defendant for conduct outlined in the "Factual Basis" section of this plea agreement, unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. Defendant expressly waives all constitutional and statutory defenses to the initiation of any charges based on conduct outlined in the "Factual Basis" that the United States did not bring pursuant to this plea agreement.

## II

## NATURE OF THE OFFENSE

A.  ELEMENTS EXPLAINED

The offense to which Defendant is pleading guilty has the following elements:

1. The defendant made and subscribed to a federal income tax return for the year 2016 that the defendant knew contained false information as to a material matter; this is, knowing that it had a natural tendency to influence, or was capable of influencing, the decisions or actions of the Internal Revenue Service;

2. The return contained a written declaration that it was being signed subject to the penalties of perjury, and;

3. In filing the false tax return, the defendant acted willfully and intentionally, that is, with the specific intent to violate the law.

B.  ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. In addition, Defendant admits that the following facts are true and undisputed:

1. Yisroel Goldstein was the Director of the Chabad of Poway ("the Chabad"), a religious congregation and community organization located in Poway, California. Goldstein served as the Director and head rabbi of the organization until around late 2018.

Def. Initials ___

2. Public charities organized and operated for exclusively religious, charitable, educational, or other approved purposes are exempt from federal taxation pursuant to 26 U.S.C. § 501(c)(3). To promote charitable giving and advance the work of approved public charities, the Internal Revenue Service ("IRS") allows individuals who donate money to public charities to reduce their own taxable incomes by deducting the amounts of their donations given, and thus to reduce their personal income taxes.

3. Chabad of Poway is a public charity registered with the IRS as a tax-exempt organization. Individuals who donate money to the Chabad may therefore reduce their own taxable incomes by deducting the amounts of their donations given, and thus reduce their personal income taxes.

4. Between around 2010 and continuing through at least September 2018, Defendant and Goldstein arranged to fraudulently obtain tens of thousands of dollars for Defendant's use and benefit by the following means:

   a. Nearly every month, Defendant gave Goldstein or the Chabad several thousand dollars—typically $8,000—which Defendant paid by check and disguised as a charitable donation.

   b. Rather than using the purported donation for charitable purposes, nearly every month Goldstein secretly funneled the majority of Defendant's funds—typically $6,000, or approximately 75%—back to Defendant.

   c. Goldstein concealed his return of the funds to Defendant by paying Defendant in cash, knowing that it would be difficult to trace. Goldstein typically met Defendant in person, either at Defendant's grocery business or at his home, to pick up Defendant's purported "donation" check and deliver the cash hidden inside an envelope.

   d. Defendant falsely claimed to the IRS that his payments to the Chabad were either tax-deductible charitable contributions or legitimate business expenses, thereby fraudulently reducing his income taxes, without

Def. Initials

disclosing that the majority of the money had been secretly returned to him and was never used for any legitimate business purpose.

5. On around February 27, 2017, Defendant made and subscribed to a U.S. Individual Income Tax Return, Form 1040, for tax year 2016, which contained a written declaration that Defendant signed the form subject to the penalties of perjury and which Defendant caused to be filed with the IRS, in which he willfully and intentionally falsely reported to have incurred $96,180 in expenses for business "promotion" that materially reduced his income tax due and owing. In fact, Defendant knew that at least $92,500 of these reported business "promotion" expenses were materially false and fraudulent in that the funds were not used toward Defendant's business but were instead paid to Goldstein and the Chabad, with Goldstein secretly returning the majority of the money to Defendant in cash.

6. Between approximately 2010 and 2018, Defendant provided Goldstein a total of at least approximately $872,815 in checks made payable to the Chabad, which he fraudulently described as "contributions," "donations," or business expenses. In return, Goldstein funneled approximately $654,611 (approximately 75% of the money) back to Defendant, keeping the remainder. Goldstein returned the money in cash to conceal the kickback.

7. In total, the tax loss resulting from Defendant's materially false tax returns in tax years 2010 through 2018 is more than $100,000 but not more than $250,000.

8. On approximately October 18, 2018, one of Goldstein's acquaintances, "I.D.," called Defendant and asked to meet in person with information he did not want to share over the phone. Defendant agreed, and the two met later that afternoon. I.D. asked Defendant to leave his cell phone several yards away, so that their conversation could not be recorded. I.D. then told Defendant that Goldstein had been arrested, and that he (Goldstein) wanted to warn Defendant not to accept any more "envelopes" from Goldstein. Defendant understood this to be a warning that

Def. Initials ___

Goldstein might be cooperating with law enforcement, and their future interactions could be recorded and monitored by federal law enforcement agents.

## III

## PENALTIES

The crime to which Defendant is pleading guilty carries the following penalties:

A. a maximum 3 years in prison;

B. a maximum $250,000 fine or twice the gross gain derived or loss resulting from the offense;

C. a mandatory special assessment of $100;

D. a term of supervised release of up to 1 year. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release;

E. the costs of prosecution; and

F. pursuant to Defendant's agreement, an order from the court pursuant to Title 18, United States Code, Section 3663, that Defendant make restitution to the victims of the offense of conviction, or the estates of the victims.

Defendant further understands that by pleading guilty, Defendant may become ineligible for certain federal benefits.

## IV

## DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A. Continue to plead not guilty and require the United States to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F. Not testify or have any adverse inferences drawn from the failure to testify.

5

Def. Initials

## V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

The United States will provide Defendant any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case, and will continue to provide such information to Defendant.

If this case proceeded to trial, the United States would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the United States would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C. No one has threatened Defendant or Defendant's family to induce this guilty plea.

Def. Initials ____

D.  Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the United States will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

## APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the United States have an opportunity to review and challenge the presentence report. Defendant agrees to request that a presentence report be prepared. Nothing in this plea agreement limits the United States' duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The United States has not made and will not make any

7

Def. Initials

representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the United States at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X
## PARTIES' SENTENCING RECOMMENDATIONS

A. SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

1. Base Offense Level [§2T1.1(a)(1); §2T4.1(F)] ............................. 16
2. Acceptance of Responsibility [§3E1.1] ........................................ -3
3. Substantial Assistance [§5K1.1] ................................................. -2*

\* The United States has made a preliminary determination that at the time of sentencing, Defendant's cooperation will merit a two-level downward departure. This recommendation is contingent on his continued cooperation up to and including the time of sentencing, as set forth in Section XIV, paragraph 7.

B. ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the United States will not be obligated to recommend an adjustment for acceptance of responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility provision of this plea agreement, including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2. Fails to cooperate with law enforcement as set forth in this agreement;

8

Def. Initials

3.   Falsely denies prior criminal conduct or convictions;

4.   Is untruthful with the United States, the Court or probation officer; or

5.   Breaches this plea agreement in any way.

C.   **FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553**

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The United States may oppose any downward adjustments, departures, or variances not set forth in Paragraph A above.

D.   **NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY**

The parties have no agreement as to Defendant's Criminal History Category.

E.   **"FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION**

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG §1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.   **PARTIES' RECOMMENDATIONS REGARDING CUSTODY**

The United States will recommend that Defendant be sentenced to the low end of the advisory guideline range as calculated by the United States pursuant to this agreement.

G.   **RESTITUTION**

Defendant agrees, pursuant to 18 U.S.C. § 3663(a)(3), to make full restitution to the IRS in the amount of any remaining unpaid taxes, penalties (which shall include a 75% fraud penalty), and interest. Pursuant to the Closing Agreement with the IRS to be signed before the time of sentencing, Defendant agrees to pay all income tax due and owing, including penalties and interest, for tax years 2010 through 2018. Upon full payment prior to sentencing, the parties will recommend that no restitution be ordered by the Court. For purposes of calculating the tax due and owing, Defendant agrees to accept the IRS determination of the tax loss, which will be determined in good faith upon evaluation of the

Def. Initials

Factual Basis for this plea agreement and any additional evidence Defendant provides pertaining to the portion of Defendant's purported "donations" that Goldstein kept.

However, in the event Defendant has not paid in full the taxes due and owing before the time of sentencing, the parties will seek an order from the Court for restitution to the IRS in the amount of any remaining unpaid taxes, penalties (which shall include a 75% fraud penalty), and interest. If restitution is ordered pursuant to this Section, Defendant agrees to send payments to the IRS at the following address:

> IRS-RACS
> Attn: Mail Stop 6261, Restitution
> 333 W. Pershing Avenue
> Kansas City, MO 64108

In the event restitution is ordered pursuant to this Section, Defendant further agrees to complete and provide to the United States, under penalty of perjury, a financial disclosure form listing all Defendant's current and projected assets and financial interests valued at more than $1,000. These include all assets and financial interests in which Defendant has an interest (or had an interest prior to October 18, 2018), direct or indirect, whether held in Defendant's name or in the name of another, in any property, real or personal, including marital and community property. Defendant shall also identify all assets valued at more than $5,000 which have been transferred to any third party since October 18, 2018, including the location of the assets, the identity of the third party or parties, and the amount of consideration received by the Defendant for the transferred assets.

From the date any restitution is ordered until the restitution is paid in full, Defendant agrees to notify the Asset Recovery Section of the United States Attorney's Office of (i) any interest in property worth more than $1,000 that Defendant obtains, directly or indirectly, and (ii) any interest in property owned directly or indirectly by Defendant worth over $1,000 that Defendant intends to transfer. This obligation covers any interest in property obtained under any other name or entity, including a trust, partnership or corporation. The parties will jointly recommend that this requirement also be imposed as a condition of supervised release.

Def. Initials

H. **FINE, COSTS OF PROSECUTION, AND SPECIAL ASSESSMENT**

In the event Defendant pays all income tax, penalties, and interest due and owing before the time of sentencing, the United States will not recommend any fine and will forego the costs of prosecution. The parties will jointly recommend that Defendant pay a special assessment in the amount of $100 to be paid forthwith at time of sentencing. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

I. **PROBATION AND SUPERVISED RELEASE**

If the Court imposes a term of probation or supervised release, Defendant will not seek to reduce or terminate early the term of probation or supervised release until Defendant has served at least 2/3 of the term and has fully paid and satisfied any special assessments, fine, and restitution judgment.

## XI

## DEFENDANT WAIVES VENUE AND STATUTE OF LIMITATIONS DEFENSES

Defendant knowingly and voluntarily waives all venue and statute of limitations defenses to the prosecution of this case, and agrees voluntarily to consent to the jurisdiction of the United States to prosecute this case against Defendant in the United States District Court for the Southern District of California.

## XII

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any lawful restitution order or fine. The only exceptions are 1) Defendant may appeal a custodial sentence above the high end of the guideline range recommended by the United States at sentencing, and 2) Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant believes the United States' recommendations at sentencing are not in accord with this plea agreement, Defendant will object at the time

Def. Initials

of sentencing; otherwise the objection will be deemed waived. If Defendant appeals, the United States may support on appeal the sentence or restitution order actually imposed.

## XIII

## **BREACH OF THE PLEA AGREEMENT**

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the United States has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1. Failing to plead guilty pursuant to this agreement;
2. Failing to fully accept responsibility as established in Section X, paragraph B, above, including by failing to cooperate;
3. Failing to appear in court;
4. Attempting to withdraw the plea;
5. Failing to abide by any court order related to this case;
6. Failing to sign a Closing Agreement with the IRS as agreed;
7. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or
8. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the United States will be relieved of all its obligations under this plea agreement. For example, the United States may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the United States may pursue any charges including those that were dismissed, promised to be dismissed, or not

12

Def. Initials

filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the United States may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the United States' pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the United States, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

# XIV

## COOPERATION

Defendant shall make a good faith effort to provide substantial assistance to the United States in the investigation and prosecution of others. Defendant understands that the only possible opportunity to provide substantial assistance will be pursuant to this agreement and the plea agreement. Defendant accepts the following terms:

1. Defendant agrees to be interviewed by federal and state law enforcement agents and attorneys and to tell everything Defendant knows about every person involved presently or in the past in conduct outlined in or related to the Factual Basis, the plea agreement, or any other violations of United States law not limited to the instant case. Defendant also agrees to produce all documents and other evidence in Defendant's possession or control related to these

Def. Initials ___

violations.

2. Defendant agrees not to do any undercover work, tape record any conversations, or gather evidence unless instructed by the agent assigned to Defendant.

3. Defendant agrees to provide statements under penalty of perjury and to testify before any federal or state grand jury, and at any pretrial, trial or post-trial proceedings as deemed necessary by the United States. Defendant will provide complete, truthful and accurate information and testimony. Defendant agrees to submit to a polygraph examination to test the truthfulness of Defendant's statements.

4. Defendant understands that in any prosecutions against Defendant by the United States Attorney's Office, the United States will not offer in evidence in its case-in-chief, or in connection with any sentencing proceeding for the purpose of determining an appropriate sentence, any statements made by Defendant during the period of cooperation, except as provided in this paragraph and in paragraph (5) below. In the event Defendant provides materially false, incomplete, or misleading testimony or information, or engages in any other behavior deemed by the United States to be a breach of this agreement, the United States may prosecute Defendant in connection with all offenses in the present Information as well as for any other federal criminal violation of which it is aware, including false statements, perjury and obstruction of justice. Further, any such prosecution and sentence may be based on information provided by Defendant during the period of cooperation. In addition, the United States will not be bound by the recommendations in this agreement, and may recommend any lawful sentence. Further, at its option, the United States may move to set aside the plea.

5. Notwithstanding paragraph (4) above:

   a) the United States may use information derived directly or indirectly from Defendant's cooperation for the purpose of obtaining leads to other evidence, which evidence may be used in any prosecution of Defendant by the United States; and

   b) the United States may use statements made by Defendant during the period of cooperation and all evidence obtained directly or indirectly therefrom for the purpose of cross-examination should Defendant testify in any proceeding, or to rebut any evidence offered by or on behalf of Defendant in connection with any trial and/or sentencing, should any prosecution of Defendant be undertaken.

Def. Initials

6. Statements made by Defendant pursuant to this cooperation agreement are not statements "made in the course of any proceedings under Rule 11 of the Federal Rules of Criminal Procedure" and are not statements "made in the course of plea discussions."

7. If the United States Attorney's Office decides that Defendant has provided substantial assistance, it may, in its sole discretion, file a motion for a downward departure under §5K1.1 of the United States Sentencing Guidelines, as set forth in Section X. Notwithstanding Section X, if, between the date of this agreement and sentencing, Defendant fails to provide substantial assistance or otherwise breaches this agreement in any way, the United States may, in its sole discretion, recommend no downward departure, or recommend a departure less than that set forth in Section X.

8. Defendant acknowledges that even if the United States makes a §5K1.1 motion, the Court may reject the United States' recommendation and refuse to depart downward.

9. If the United States Attorney's Office decides to make a §5K1.1 motion, it will inform the sentencing judge of:

    a) the plea agreement;

    b) the nature and extent of Defendant's activities in this case;

    c) the full nature and extent of Defendant's cooperation with the United States and the date when such cooperation commenced; and

    d) all information in the possession of the United States relevant to sentencing not precluded by this agreement.

## XV
## CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

15

Def. Initials _____

## XVI

## **DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

By signing this agreement, Defendant certifies that Defendant has read it. Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XVII

## **DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

ROBERT S. BREWER, JR.
United States Attorney

DATED: 1/26/21

*/s/ Michelle L. Wasserman* for
EMILY W. ALLEN
OLEKSANDRA JOHNSON
Assistant U.S. Attorneys

DATED:

*/s/ John J. Rice*
JOHN J. RICE
Defense Counsel

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.

DATED:

*/s/ Stuart Weinstock*
STUART WEINSTOCK
Defendant

16

Def. Initials